Jeremy J. Hugus, #7-4630
PLATTE RIVER INJURY LAW
123 South Beech Street
Casper, Wyoming 82601
P: (307) 215-9724
F: (844) 416-9337
E: hugus@platteriverlaw.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GLENNA MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| STACEY LAMY, an individual, ) | |
| PACIFIC HIDE & FUR DEPOT, d/b/a ) | |
| PACIFIC STEEL AND RECYCLING, ) | |
| METROPOLITAN LIFE INSURANCE, ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, through counsel, and hereby complains and avers against Defendants as follows:

### I.     INTRODUCTION

This is a breach of fiduciary duty, co-fiduciary liability, and equitable estoppel case regarding an Employee Retirement Income Security Act (ERISA) plan for life insurance and accidental death and dismemberment benefits. As a result of Defendants' material misrepresentations and failure to disclose information as required by ERISA, Plaintiff has not received the benefit amount she is entitled to or was told she would receive and has been harmed thereby.

## II. PARTIES

1. Plaintiff, Glenna Martin, is a resident of Casper, Natrona County, State of Wyoming and at all times relevant hereto was an eligible beneficiary under the Pacific Hide & Fur Depot dba Pacific Steel & Recycling ("PSR") life insurance and accidental death and dismemberment plans.

2. Defendant Stacy Lamy was at all times relevant hereto the Human Resources director of Defendant PSR.

3. Defendant PSR is a Montana for-profit corporation, with its principal place of business in Great Falls, Cascade County, Montana, and it operates Pacific Steel and Recycling in Casper, Wyoming.

4. At all times relevant hereto, PSR employed James Martin, Plaintiff Glenna Martin's deceased husband, and it maintained life insurance and accidental death and dismemberment benefit plan for the Martins.

5. Mr. Martin was the Participant under the referenced life insurance and accident death and dismemberment plans.

6. Plaintiff Glenna Martin is a beneficiary of the referenced plans.

7. Defendant Metropolitan Life Insurance Company (hereinafter "MetLife") is a New York for-profit corporation with its principle place of business in New York, New York County, New York, and at all times relevant hereto provided a life insurance benefit plan as the "Plan sponsor" to Plaintiff through James Martin's employment at PSR.

## III. JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to 29 U.S.C. 1132(e)(1).

9. Venue is proper in this Court pursuant to 29 U.S.C. 1132(e)(2) as the breach of fiduciary duty occurred within the State of Wyoming.

10. Ms. Martin seeks equitable relief pursuant to 29 U.S.C. § 1132(a) for recovery of $100,000, the amount of benefits she would have received had the fiduciaries not misrepresented the coverage amounts provided for under the plan and otherwise failed to furnish a summary plan description accurately detailing the benefits as required. Ms. Martin seeks all other relief to which she entitled under law.

### IV.  FACTS COMMON TO ALL CAUSES OF ACTION

11. PSR offered to its qualified employees a life insurance group benefit plan through MetLife. This included accidental death and dismember coverage as well.

12. James Martin was insured under a group life insurance benefit plan with MetLife as a qualified employee of PSR.

13. The employer-provided life insurance benefit plan is an ERISA plan.

14. PSR established the plan and is engaged in commerce or in an industry or activity affecting commerce as defined by 29 U.S.C. § 1003(a)(i).

15. PSR was the plan sponsor and a fiduciary under the plan. The life insurance benefit plan PSR offered to its employees was established and maintained by PSR. 29 U.S.C. § 1002(16)(B)(i).

16. The life insurance benefit plan designated PSR Human Resource Director Stacey Lamy as the Plan Administrator. She, too, was a fiduciary under the plan. 29 U.S.C. § 1002(16)(A)(i).

17. On PSR's *Annual Return/Report of Employee Benefit Plan* (Form 5500) covering the plan under which Glenna Martin is a beneficiary, PSR Human Resource Director Stacey Lamy signed as the Plan Administrator on behalf of the Plan Sponsor, PSR.

18. MetLife is the Provider of the above-referenced life insurance benefit plans.

19. Upon commencing his employment with PSR, PSR provided Mr. Martin with an Employee Benefit Manual (the Manual) that summarized and described the employee insurance plan benefits available to him and his spouse, Glenna Martin.

20. The Manual provided that participants were entitled to Basic Life coverage in the amount of $100,000 and an additional $100,000 of coverage under the Accidental Death and Dismemberment policy.

21. This was the only information PSR provided or made available to James Martin regarding the life insurance benefit plan.

22. Mr. Martin named his wife, Plaintiff Glenna Martin, as the beneficiary under the life insurance benefit plan.

23. Mr. Martin passed away in a trucking accident on April 7, 2016.

24. Ms. Martin submitted her claim for the benefits to MetLife following Mr. Martin's death. The claim was initially denied in whole, as the plan in effect on the date of his death stated there was a 90-day waiting period for coverage to take effect, and Mr. Martin had worked for PSR for 71 days at the time of his death.

25. MetLife reversed its denial after Ms. Martin appealed, based on the fact that the 2015 Manual PSR provided to Mr. Martin stated that the waiting period for coverage to take effect was 60 days.

26. MetLife paid Ms. Martin $50,000 under the Basic Life plan, and $50,000 under the Accidental Death and Dismemberment plan. These amounts are half the amount of benefits provided for in the Manual and that Ms. Martin expected to receive.

27. Ms. Martin appealed the benefit amount, and on January 26, 2018, MetLife declined to alter its decision stating that it refused to consider the fact PSR provided Mr. Martin the 2015

Manual when it hired him in January 2016 and would not consider that language in the manual it provided to change its decision regarding the $100,000 it still refused to pay.

28. MetLife has argued that the benefit amounts of $100,00 per policy were only the effective amounts in 2015, and the 2016 Employee Benefit Manual, which was in effect on the date of Mr. Martin's death, decreased coverage to $50,000 each.

29. At no time prior to James Martin's death did Defendants provide him or Glenna Martin a 2016 Employee Benefit Manual, summary plan document, master plan document, or any other document stating the correct amounts of coverage or otherwise notify either of them of the actual life insurance benefit amount under the plan or inform them that the coverage amounts were less than those described in the benefits materials provided

### V. FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

30. Plaintiff repeats and fully incorporates all previous paragraphs.

31. Defendants, and each of them, was a fiduciary in this action as defined by 29 U.S.C. § 1002(21)(A) and owed a duty to plaintiff as a plan beneficiary.

32. At all times relevant hereto, Defendant Lamy signed the *Annual Return/Report of Employee Benefit Plan* as the plan administrator, exercised discretionary control or authority respecting management of the plan and had discretionary authority or responsibility for the administration of the plan.

33. At all times relevant hereto, PSR was the Plan Sponsor and exercised discretionary control or authority respecting management of the plan and had discretionary authority or responsibility in the administration of the plan.

34. At all times relevant hereto, Defendant MetLife exercised discretionary control or authority respecting management of the plan and had discretionary authority or responsibility in the administration of the plan.

35. In accordance with 29 U.S.C. § 1104(a), each Defendant was obligated to discharge their fiduciary duties: (1) solely in the interest of the participants and beneficiaries, (2) for the exclusive purpose of providing benefits to participants and beneficiaries, and (3) with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of a like enterprise and with like aims.

36. Further, Defendants had a duty to disclose material facts to James and Glenna Martin, as the Participant and Beneficiary, known to Defendants but unknown to the Martins which they needed to know for their own protection.

37. Information is material if a fiduciary's misrepresentation or failure to disclose it creates a substantial likelihood that it would mislead a reasonable employee and prevent the employee from making an adequately informed decision.

38. The life insurance benefit amount under the plan is a material fact insofar as there is a substantial likelihood that a reasonable employee would need that information to make an adequately informed decision about how much life insurance coverage to obtain.

39. Through the information Defendants provided to Glenna and James Martin, Defendants materially represented that Ms. Martin was entitled to receive $200,000 total of life insurance coverage as a beneficiary of the plan, not the $100,000 it provided.

40. Defendants each knew this representation of material fact was not accurate.

41. Neither James nor Glenna Martin knew this representation was not accurate.

42. Plaintiff ultimately received only $100,000 in insurance benefits.

43. Defendants breached their fiduciary duty to James Martin and Plaintiff by: (A) failing to provide James Martin or Plaintiff with an Employee Benefit Manual or any other notice that had current, complete, and accurate benefit information, (B) failing to inform James Martin or Plaintiff

that the PSR Manual provided to Mr. Martin was not applicable and or accurate, (C) failing to inform James Martin or Plaintiff that the life insurance benefit under the plan had been cut in half from $200,000 to $200,000 from 2015 and 2016, and (D) upholding the denial and choosing not to pay Glenna Martin the additional $100,000 Defendants stated was available to the Martins in the only Manual it provided to Mr. Martin.

44. Defendant's breach of their fiduciary duties caused harm to Glenna Martin and prevented the Martins from making an adequately informed decision regarding life insurance benefits.

45. Because of Defendants' misrepresentations, had the Martins known they only had $100,000 of total life insurance coverage under the plan—half what Defendants told them they had—they would have secured additional life insurance through a third party.

46. Pursuant to 29 U.S.C. § 1109 and other applicable law, Defendants are liable to Plaintiff in the amount of $100,000, the additional amount Defendants represented to Plaintiff she would receive as a beneficiary under the plan in the event of James Martin's death.

### VI.   SECOND CAUSE OF ACTION
### (Liability for Breach of Co-fiduciary - 29 U.S.C. § 1105)

47. Plaintiff repeats and fully incorporates all previous paragraphs.

48. Each Defendant was a co-fiduciary of each of the other named Defendants.

49. In providing false information regarding the amount of life insurance benefits under the plan to the Martins, failing to provide either of them the correct amount of the benefits under the plan, each Defendant knowingly participated in or undertook to conceal an action or omission of another fiduciary, knowing the act was a breach.

50. In providing false information regarding the amount of life insurance benefits under the plan to the Martins, failing to provide either of them the correct amount of the benefits under the plan, and refusing to date to pay Glenna Martin the benefit amount disclosed as available under

the plan, each defendant failed to comply with their respective duties under § 1104(a)(1) and thereby enabled other fiduciaries to breach their fiduciary duties to Glenna Martin.

51. In providing false information regarding the amount of life insurance benefits under the plan to the Martins, failing to provide either of them the correct amount of the benefits under the plan, and refusing to date to pay Glenna Martin the benefit amount disclosed as available under the plan, each Defendant knowingly participated in or undertook to conceal an action or omission of another fiduciary with knowledge such act(s) was a breach.

52. Each of the named Defendants knew the following: (A) the information PSR and Lamey provided to the Martins in the employee Manual regarding the amount of life insurance benefits under the plan was inaccurate, (B) the correct amount of the benefits under the plan had not been disclosed to the Martins, (C) MetLife upheld the denial of claim and refused to pay Glenna Martin the amount disclosed to her and her husband as available under the plan (the additional $100,000).

53. Notwithstanding this knowledge, none of the defendants made a reasonable effort under the circumstances to remedy these breaches by either correcting inaccurate information, disclosing accurate information, or paying the full amount PSR and Lamey represented would be paid out to Ms. Martin under the plan.

54. Pursuant to 29 U.S.C. § 1105 and other applicable law, Defendants are liable to Plaintiff in the amount of $100,000, the additional amount Defendants represented to Plaintiff she would receive as a beneficiary under the plan in the event of James Martin's death.

### VII.   THIRD CAUSE OF ACTION
**(Equitable Estoppel)**

55. Plaintiff repeats and fully incorporates all previous paragraphs.

56. Defendants were required to provide James and Glenna Martin with material information regarding their eligibility for Plan benefits, educating them as to their enrollment

requirements, and providing other material notices and information to them relating to the Plan. *See Cigna Corp. v. Amara*, 563 US 421 (2011); *Hansen v. Harper Excavating, Inc.*, Case No. 2:05CV940 DAK. (D. Utah 2007).

57. Defendants were required to disclose to Glenna Martin and James Martin material facts they knew about but which were unknown to the Martins, which the they needed to know for their own protection. *Horn v. Cendant Operations, Inc.*, 2003 WL 21513210 at *6 (10th Cir. July 3, 2003

58. This duty to disclose material information is at the core of Defendant's responsibility under ERISA and is necessary to ensure employees receive sufficient information about their rights under ERISA benefit plans to make well-informed employment benefit decisions.

59. Defendants were required to provide a summary plan description that is sufficiently accurate and comprehensive to reasonably apprise plan participants and beneficiaries of their rights and obligations under the plan. *See* 29 U.S.C. §§ 1021, 1022(a) and 1024(b).

60. Failure to provide this information is a proper basis for equitable relief under 29 U.S.C. § 1132(a)(3).

61. Through their conduct and language, Defendants represented that the Martins would receive $200,000 total as a death benefit under the plan.

62. Defendants knew this was not accurate—they knew the actual total death benefit under the plan was half this amount.

63. Defendants intended the Martins to rely on the information they provided at the outset of his employment.

64. In providing James and Glenna Martin with only an employee manual that detailed a $200,000 death benefit under the plan, Glenna and James Martin had a right to believe Defendants intended them to rely on that information.

65. Glenna and James Martin were unaware that the total death benefit under the plan had been cut in half approximately two weeks before James became employed with PSR.

66. James and Glenna Martin justifiably relied to their detriment on Defendant's misrepresentation, misinformation, and absence of accurate information regarding the amount of the life insurance benefit under the plan, and therefore did not have an opportunity to make an adequately informed decision regarding life insurance benefits or the opportunity to secure additional life insurance benefits from a third party.

67. Believing they had $200,000 in coverage, the Martins chose not to obtain any additional life insurance.

68. Had the Martins known the death benefit was half the amount Defendants told them it was, they would have procured additional life insurance to ensure Ms. Martin would be adequately protected from the financial fallout of an untimely death.

69. Because Defendants failed to provide the information required information, they should be estopped from denying Glenna Martin the additional life insurance benefits to which they initially claimed she would be entitled as a beneficiary under the plan in the event of James Martin's death.

70. Plaintiff seeks equitable relief in the amount of $100,000, the amount Plaintiff was entitled to receive under the plan information provided to James and Glenna Martin before James Martin's death.

## VIII.   JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

WHERFORE Plaintiff requests that Judgment be entered in her favor and against the Defendants for:

A. All legal and equitable benefits due Plaintiff under James Martin's employer-sponsored life insurance benefit plan and all other damages allowed by law as follows:

B. Equitable relief in the amount of $50,000 in Life Insurance and $50,000 in Accidental Death and Dismemberment benefits as stated in the employment documents Defendants provided to Glenna and James Martin;

C. All damages and/or equitable relief recoverable for breach of fiduciary duty and liability of co-fiduciaries under 29 U.S.C. § 1109(a);

D. Pre- and post-judgment interest;

E. Reasonable attorney's fees as provided by 29 U.S.C. § 1132(g)(1); and

F. All other damages and remedies allowable under 29 U.S.C. § 1132(g)(1) and 20 U.S.C. § 1001 *et. seq.* in accordance with the allegations of this Complaint.

DATED this 26th cday of January, 2021.

                                    Jeremy J. Hugus, #7-4630
                                    PLATTE RIVER INJURY LAW
                                    123 South Beech Street
                                    Casper, Wyoming 82601
                                    P: (307) 215-9724
                                    F: (844) 416-9337
                                    E: hugus@platteriverlaw.com

                                    *Attorney for Plaintiff*